UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

HOWARD JACKSON,                    )
                                   )
    Plaintiff,                     )
                                   )
    v.                             )    CASE NO. 15-4196
                                   )
PHYSICAL INJURY X-RAY,              )
                                   )
    Defendant.                     )
                                   )

**MERIT REVIEW OPINION**

This cause is before the Court for merit review of the pro se Plaintiff's complaint pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2103).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

**ALLEGATIONS**

Plaintiff, a state prisoner, has filed his lawsuit pursuant to 42 U.S.C. §1983, but the only Defendant identified in the complaint is

"Physical Injury x-ray." (Comp. p. 1-2). While Plaintiff is currently incarcerated at Stateville Correctional Center, he has listed Pontiac Correctional Center as the location for his allegations. (Comp, p. 1-2). Plaintiff admits he has earned three strikes pursuant to 28 U.S.C. §1915(g) due to his frivolous litigation, but states he is still trying to obtain an x-ray or ultrasound testing.[1] Plaintiff claims he was bitten by a spider which has caused problems with his "privacy balls" and therefore he needs the Court "to come down here and give me an x-ray." (Comp., p. 2). Plaintiff has attached Medical Records to his complaint demonstrating he first reported the problem in 2007.(Comp., Med. Rec. p. 6, 8). In addition, Plaintiff has admitted in other litigation that he did receive an ultrasound at Pontiac Correctional Center, but disagrees with the results. *See Jackson v Triller*, Case No. 16-3060, March 23, 2016 Case Management Order, p. 2.

## ANALYSIS

Title 28, U.S.C. §1915(g), provides in relevant part:

---

[1] Plaintiff earned all three strikes for filing the same claim requesting an x-ray in the Southern District of Illinois. *See Jackson v Wexford*, Case No. 13-1134; *Jackson v Kraznician*, Case No. 14-007; and *Jackson v Lawrence*, Case No. 15-0082.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

The inquiry into whether a claim fits the imminent danger exception is obviously two-pronged. The first prong is construed narrowly as "an escape hatch for genuine emergencies," where "time is pressing" and "a threat … is real and proximate." *Heimermann v Litxcher,* 337 F3d 781 (7th Cir. 2003) *citing Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002). The harm must be occurring "at the time the complaint is filed." *Ciarpagini v. Saini,* 352 F3d 328, 330 (7th Cir. 2003). The second prong, danger, must be of "serious physical injury." 28 U.S.C. § 1915(g). Finally, the Seventh Circuit has recognized that courts should deny leave to proceed *in forma pauperis* "when prisoner's claims of imminent danger are conclusory or ridiculous." *Ciarpagini,* 352 F3d at 330.

Plaintiff has not alleged he is in imminent danger, and the allegations, exhibits, and Court records demonstrate Plaintiff has

complained of the same problem with his testicles and the perceived need for additional x-rays since 2007. Plaintiff clearly does not face imminent danger, and his motion to proceed in forma pauperis is denied. [3]

In addition, Plaintiff has failed to state a constitutional violation based on deliberate indifference to a serious medical condition. Plaintiff has not identified a serious medical condition, nor has he alleged how any specific Defendant was deliberately indifferent to his medical condition. Instead, Plaintiff simply repeats his request for an additional x-ray or ultrasound. However, the Eighth Amendment does not give prisoners the right to "demand specific care" or the "best care possible," but instead requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v Edgar*, 112 F. 3d 262, 267 (7th Cir. 1997). The Plaintiff has not identified any potential harm, and his disagreement with a physician's chosen course of medical treatment does not amount to deliberate indifference. *See Ciarpaglini v Saini*, 352 F.3d 328, 331 (7th Cir 2003).

> In addition, the Plaintiff does not allege, nor has he ever attached any medical record suggesting an x-ray has been recommended or is a proper diagnostic test for his

complaints. Instead, the Southern District recently noted the 'Plaintiff's testicles were examined, no knot was found, and the recommended treatment was refused by the Plaintiff.' *Jackson v Physical Injury*, Case No. 15-1410, Jan. 5, 2016 Merit Review Order, p. 3, *citing Jackson v Duncan*, Case No. 15-343, April 21, 2015 Order, p. 4.

In fact, the United States District Court for the Southern District of Illinois has imposed a filing ban on the Plaintiff due to the numerous lawsuits he has filed concerning this claim. *See Howard v Isaacs*, Case No. 15-582, August 11, 2015 Order. Specifically, Plaintiff may not file any further lawsuits in the Southern District until he pays $1,789 in filing fees accumulated in five previous lawsuits asking for an x-ray of his "privacy balls" or testicles. *Id.*

Just ten days after the filing ban was imposed, Plaintiff began filing lawsuits in the Central District of Illinois alleging the same claim. *See Howard (Jackson) v Nurses, et.al.,* Case No. 15-1352, (Aug. 21, 2015 Compl.); *see also Jackson v Funk*, Case No. 15-1256 (June 23, 2015 Compl.); *Jackson v Physical Injury*, Case No. 15-1410 (Sept. 28, 2015 Compl.); *Jackson v Ultrasound X-ray,* Case No. 16-1019(Jan. 15, 2016 Compl.); *and Jackson v Triller*, Case No. 16-3060 (March 4, 2016 Compl.).

The Plaintiff is now facing similar sanctions in the Central District of Illinois. Plaintiff is admonished that if he continues to file the exact same claim he has repeatedly filed in this Court and the Southern District of Illinois, he will face monetary sanctions and a filing ban concerning any pending or future litigation pursuant to §1983. *See Support Sys. Int'l, Inc. v. Mack,* 45 F.3d 185, 186–87 (7th Cir.1995) (barring a vexatious pro se litigant from filing new papers in the federal courts of this Circuit for a period of two years); *Carr v. Tillery,* 591 F.3d 909, 920 (7th Cir.2010) (noting that injunctions prohibiting a vexatious litigant from filing new papers except with court approval "are standard remedies for misconduct in litigation"); *Free v. United States,* 879 F.2d 1535, 1536 (7th Cir.1989) ("Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees—indeed, are not entitled to sue and appeal, period.").

**IT IS ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile as Plaintiff's claims are frivolous and repeat claims brought and dismissed in previous

litigation before this Court.  All pending motions are denied as moot. [3, 4].  This case is therefore closed.  The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).

2) Plaintiff must still pay the full filing fee of $350 even though his case has been dismissed. The Clerk of the Court is directed to record the strike in the three-strike log.

3) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

4) Plaintiff is admonished if he continues to file the exact same claim he has repeatedly filed in this Court and the Southern District of Illinois, he will face monetary sanctions and a filing ban concerning any pending or future litigation pursuant to §1983.

ENTERED:  May 31, 2016

FOR THE COURT:        s/ Sue E .Myerscough

                                         _____
                                            SUE E. MYERSCOUGH
                                         UNITED STATES DISTRICT JUDGE